UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVERTON NOTICE, individually and as | : | |
| guardian and next friend of a minor, | : | |
| CHRISTOPHER SATCHWELL, and | : | |
| ALTON NOTICE, | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-1484 (JCH) |
| v. | : | |
| | : | |
| FRANK KOSHES, TIMOTHY KLUNTZ, | : | AUGUST 24, 2005 |
| F. SPAGNOLO, JR., T. JACKSON, H. | : | |
| SETZER, S. BINETTE, W. FOX, and | : | |
| M. GUGLIOTTI, | : | |
| Defendants. | : | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. NO. 37]**

The plaintiffs, Everton and Alton Notice[1], initiated this action court against members of the Waterbury Police Department. The plaintiffs assert a single cause of action related to the execution of a search warrant at 107 Rose Street in Waterbury, on August 1, 2002. The plaintiffs claim that the defendants, in violation of the Fourth Amendment, engaged in an unreasonable search and seizure which resulted in the destruction of property and emotional distress. On January 10, 2005, the defendants filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Doc. No. 37].

**I.      STANDARD OF REVIEW**

In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

[1] Christopher Satchwell has withdrawn his claims.

1

256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). The burden of showing that no genuine factual dispute exists rests upon the moving party. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223 (2d Cir. 1994)). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134. "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## II.  FACTS

For the purposes of the instant motion, the court accepts facts undisputed by the parties as true and resolves disputed facts in favor of the plaintiffs where the plaintiffs provide evidence to support their allegations. On August 1, 2002, a Connecticut Superior Court judge signed a search warrant authorizing the Waterbury Police Department to search the plaintiffs' residence and basement for marijuana, drug paraphernalia, weapons, records and proceeds from drug sales, and contact

information of known drug users.  Defendant Gugliotti obtained the warrant.  Defendant Koshes, a sergeant at the time, drove the other officers to the residence and signed the incident report.  Defendant Spagnolo, during the search, stayed at the rear of the premises in order to assure that no person escaped during the search; he did not enter the residence or have any contact with either of the plaintiffs.  Defendants Fox, Binette, Setzer, and Jackson engaged in the search of the premises.  Defendant Kluntz did not engage in the search, but entered the residence after the other officers had done so and spoke to the plaintiffs, then seated on the living room couch.

The residence is a second floor apartment in a three-story multi-family dwelling.  At the time, plaintiff Everton Notice was not at the residence.  Plaintiff Alton Notice and Christopher Satchwell were at the residence when the police arrived.  Satchwell was asleep.  The first floor front door to the street was locked.  The officers used a battering ram in order to enter the residence.  Alton Notice was at his computer when he heard a loud bang twice.  He ran for the back door, in the kitchen, where Satchwell joined him when he woke up.  When the officers reached the residence, they told Alton Notice and Satchwell to get on the floor, using an expletive.  Alton Notice felt "roughed up" by Defendant Setzer.  The parties dispute whether the officers notified Alton Notice and Satchwell that they had a warrant.  Alton Notice and Satchwell were then handcuffed.  The officers searched the residence for an hour.  During that search, a computer desk, suitcases, a dresser, a lock on a trunk, the door on which the officers used the battering ram, and wall paneling were damaged.

### III.   ANALYSIS

42 U.S.C. § 1983 "provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  The plaintiffs bring this action, pursuant to § 1983, alleging that the defendants, acting under color of state law, violated their Fourth Amendment right not to be subjected to unreasonable search or seizure.  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . "  U.S. Const. Amend. IV; see also Caldarola v. County of Westchester, 343 F.3d 570 (2d Cir. 2003).  "The officers are entitled to summary judgment only if the facts, viewed in the light most favorable to the plaintiffs, showed: (1) that the officers' conduct was reasonable as a matter of law, or (2) that the officers were protected under the doctrine of qualified immunity because they had an objectively reasonable basis to assume their conduct was not contrary to federal law." McKelvie v. Cooper, 190 F.3d 58, 62 (2d Cir. 1999). That the defendant officers conducted their search pursuant to a warrant does not resolve the question of whether their conduct was reasonable.  See id. at 60.

The court considers whether the officers' forced entry, the handcuffing of Alton Notice, or the damage done to personal property was unreasonable.

### A.   Forced Entry

The parties dispute whether the defendants knocked prior to ramming in the door.  "[T]he Fourth Amendment incorporates the common law requirement that police

4

officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry." Richards v. Wisconsin, 520 U.S. 385, 387 (1997).  An unannounced entry may, however, be reasonable and, therefore, comport with the Fourth Amendment.  "In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." Id. at 394.  There is no evidence before the court to suggest that such a reasonable suspicion existed here.  Because there is conflicting evidence regarding the question of whether the officers knocked and announced their presence, there is a question of material fact with respect to whether the officers violated the plaintiffs' Fourth Amendment rights without a reasonable suspicion that knocking would be "dangerous or futile." Id.

Furthermore, because the question of qualified immunity, therefore, turns on a question of fact -- whether the officers in fact entered the residence without knocking and announcing -- it is inappropriate for resolution on summary judgment.  See Tolbert v. Queens College, 164 F.3d 132, 138 (2d Cir.1999).  The court notes in that regard that this right was, at the time of the search, clearly established pursuant to federal and state law.  See Foreman v. Beckwith, 260 F.Supp. 2d 500, 502-03 (D. Conn. 2003) (citing State v. Ruscoe, 212 Conn. 223 (1989)).  The Supreme Court found in 1995 that the Fourth Amendment protects this right.  Wilson v. Arkansas, 514 U.S. 927 (1995).

    **B.**     **Detention of Alton Notice Incident to the Search**

"An officer's authority to detain incident to a search is categorical; it does not

depend on the quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure." Muehler v. Mena, 125 S. Ct. 1465, 1470 (2005) (internal quotation omitted) (finding detention with handcuffs of occupant of house reasonable during execution of a warrant for search for weapons on the premises).  The force used to handcuff an individual must be reasonable.  The allegations in this case, however, that Alton Notice "felt roughed up" do not rise to the level necessary to create a material question of fact that his rights under the Fourth Amendment were violated by the handcuffing and detention, incident to a lawful search.  In this case, where the plaintiffs do not dispute the validity of the warrant and, therefore, the existence of probable cause to search for drugs and weapons at the residence, there is no question that the use of handcuffs does not rise to the level of a constitutional violation.

    C.    **Destruction of Property**

The plaintiffs claim that the officers needlessly destroyed property during the search of the Notice residence.  "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984).  Property damage may constitute such seizure and, where unreasonable, may constitute a Fourth Amendment violation. Foreman, 260 F. Supp. 2d at 505 ("when officers act unreasonably in damaging property during the execution of a search warrant, they may be subject to liability for that damage").  To rebut the plaintiffs' claim, the defendants dispute whether the property damage occurred as a result of the search.  This is a material question of fact that cannot be disposed of at the summary judgment stage of this litigation.

    "[I]t is well recognized that 'officers executing search warrants on occasion must

damage property in order to perform their duty.'" Cody v. Mello, 59 F.3d 13, 16 (2d Cir. 1995) (quoting Dalia v. United States, 441 U.S. 238, 258 (1979)). "Before any due process liability can be imposed for property damage occurring in a lawful search, it must be established that the police acted unreasonably or maliciously in bringing about the damage." Cody, 59 F.3d at 16. Whether the police officers' actions were unreasonable or malicious is a question of fact that cannot be resolved on a motion for summary judgment.[2]

### III.  Conclusion

For the foregoing reasons, the defendants' motion for summary judgment [Doc. No. 37] is DENIED in part and GRANTED in part.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 24th day of August, 2005.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[2] To the extent that property damage resulted from any officer's unreasonable forced entry, the defendants may be liable for such damage.